# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EZ EXIT NOW, LLC, DANNY L. COBB AND KRISTIN J. COBB<br>　　*Plaintiffs*<br>v.<br><br><br>RIPOFF REPORT AND ED MAGEDSON<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT AND APPLICATION FOR EMERGENCY EXPARTE INJUNCTION

COMES NOW, **EZ EXIT NOW, LLC. DANNY L. COBB AND KRISTIN J. COBB**, Plaintiffs herein and files this their Original Complaint and Application for Emergency Exparte Temporary Injunction and Restraining Order as against as against **RIPOFF REPORT AND ED MAGEDSON** Defendants and for cause of action requesting an Exparte Emergency Injunction and Restraining Order would respectfully show the following:

### I. PARTIES

1. Plaintiff, **EZ EXIT NOW, LLC.**, is a corporation duly incorporated in the State of Texas and is doing business in Harris County, Texas.

3. Plaintiffs **DANNY L. COBB AND KRISTIN J. COBB** are residents of the County of Harris, State of Texas and have been for the statutory period prior to filing this lawsuit.

4. Defendant, **RIPOFF REPORT,** is a resident of the County of Harris, State of Texas, is a former employee of Plaintiff Ez Exit Now, LLC and can be served thought its corporate

registered agent at PO Box 310, Tempe, Arizona, 85280. Citation is requested at this time.

5. Defendant, **ED MAGEDSON,** is a resident of the State of Arizona, is the publisher and creator of Ripoff Report and can be served at PO Box 310, Tempe, Arizona, 85280 or at 2700 N Central Ave, Phoenix, Arizona 85004. Citation is requested at this time.

## II. VENUE AND JURISDICTION

5. This Court has jurisdiction over this matter, as the amount of the dispute is within the jurisdictional limits of this Court. Pursuant to 28 U.S.C. §1332 venue is property in the Southern District of Texas, as Plaintiff resides in Harris County, Texas and Defendants reside in Arizona. The amount is controversy is over $75,000.00.

## III. STATEMENT OF CLAIM

Defendants have been notified of a lawsuit pending in Harris County, Texas, which included a restraining order specifically stating that Michael Hourihan is restraining from posting anything negative about Plaintiffs, having been provided a copy of the restraining order. Defendants were properly notified to remove the negative posting, but have refused to do the same and after being notified have allowed subsequent negative posts by Michael Hourihan. The case is ongoing with Defendant who has been served via posting on his known address. He has not responded to the lawsuit.

## IV. FACTS

6. Plaintiff is a business that works with people who can no longer afford to pay for timeshares by having them bought back by the seller. Plaintiff Ez Exit Now, LLC hired Michael Hourihan to work as an inside associate for the company on or about August 16, 2017. Michael Hourihan presented that was eligible for employment in the United States. (See Exhibit "C") He presented his resume showing over fifteen (15) years of experience to match the job qualifications presented by the Plaintiffs. (Exhibit "D")

2 | P a g e
*Injunction Ez Exit Now, LLC*

7. Upon agreeing to the terms of employment, MICHAEL HOURIHAN signed acknowledgement of the Employee Handbook, (Exhibit" C") He also signed an employment agreement wherein he agreed to certain terms and conditions of the employment, including a non-disclosure or confidentiality section including but not limited to the following specific writing:

"...Employee agrees not to use, disclose or communicate, proprietary or confidential information about Employer, its operations, customers, or any other proprietary or confidential information, that relate to Employer's business." See Exhibit B, page 2-3 of the employment contract)

8. Michael Hourihan threatened to sue the Plaintiffs and that he was going to expose the Plaintiff *claiming* they are doing illegal work. He said he was going to make sure they paid for it. On Friday September 22, 2017 he was paid but it was for less because as he did not comply with the terms of the contract regarding necessary appointments and hours worked. After he got his check he threatened Plaintiffs' staff, through emails, yelling, text messages and other threats. He also threatened that he would be going after the business, on Friday September 22, 2017, as he threatened to take down the company website and replace it with a pornographic site. Then on Sunday September 24, 2017, he posted a false, defamatory and malicious statement on Rip Off report. (See Exhibit "A-H")

9. On October 12, 2017, Defendants were notified that a lawsuit was filed against Michael Hourihan, cause number 20174-64469, Ex Exit Now v. Michael Hourihan 125th Judicial District Court, Harris County, Texas, and that an injunction had been issued regarding negative postings on the internet. A demand to remove the posting was made but no

3 | P a g e
*Injunction Ez Exit Now, LLC*

response was made nor was the posting removed. (See Exhibit "J"). The report remains on the website as of the date of the filing of this petition.

10. Further, after notice of the injunction was provided, Defendants allowed further postings to be made by Michael Hourihan. On Wednesday October 25, 2017 the original reporter, Michael Hourihan reposted, and it was allowed even though there is a restraining order against him. He has continued to post even after Wednesday October 25, 2017.

## V. CAUSES OF ACTION

**COUNT ONE – LIBEL PER SE**

11. Plaintiffs incorporate by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

12. Michael Hourihan's written statement(s) are libel per se as defined by the Texas Civil Practice and Remedies Code § 73.001. Defendant's statement(s) injured Plaintiffs' reputation and exposed Plaintiffs to public hatred, contempt, ridicule, and/or financial injury. A restraining order was in effect stopping him from posting anything negative on the internet, including Ripoff Report. Defendants were provided notice of the restraining order but failed to remove the posting and allowed an additional post.

13. The defamatory statement(s) requires no proof of its injurious character because it was obviously hurtful to the Plaintiffs and caused damage to their business.

**COUNT TWO - NEGLIGENCE**

14. Plaintiffs incorporates by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

15. Defendants individually and jointly, owe and owed a duty to act in a manner to remove derogatory statements when a restraining order has been issued against the person

posting restraining him from posting and as a result of Defendants individual and joint negligence, Plaintiffs have incurred actual losses in an amount in excess of the minimum jurisdictional limits of this Court, in the amount of $180,000.

16. Plaintiffs states that Defendants, individually and jointly, allowed negligent misrepresentation being posted when there was a restraining order in effect stopping Michael Hourihan. Plaintiffs have suffered damages as a result of the Defendants failure to remove the post.

**COUNT THREE - FRAUD AND MISREPRESENTATION**

17. Plaintiffs incorporate by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

18. The elements of a cause of action for fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. (See, _In re First Merit Bank, N.A_., 52 S.W.3d 749, 758 (Tex. 2001).

19. Defendants allowed the publication of statements and information, refusing to remove it after being provided with copies of duly executed and effective restraining orders, further allowing the same individual to post additional comments after having notice that he is restrained from doing so, thus allowing the publication in the internet of clear misrepresentations and omissions of material facts that the Plaintiffs have a pending lawsuit

and that Michael Hourihan has a restraining order against him from posting said information.

20. Defendants having this information have and due refuse to remove the postings perpetuating a fraud upon the Plaintiffs.

21. Plaintiffs have been injured as a direct and proximate result of the foregoing fraud in an amount in excess of the minimum jurisdictional limits of this Court, in a minimum amount of $185,000.00. Additionally, these acts were committed willfully and wantonly, and accordingly, Plaintiffs are entitled to recover punitive damages in an amount to be determined by a trier of fact. Plaintiffs seek recovery of those damages from Defendant.

## DAMAGES

**Punitive Damages**

22. Plaintiffs incorporate by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

23. The actions of Defendants are in bad faith causing excessive damages to Plaintiffs.

24. Defendants should be punished in an amount to stop such bad faith actions.

25. Attached are Exhibits to the original complaint and incorporated herein as if set forth fully, and include affidavits that are in support of the facts alleged herein.

26. Plaintiffs have suffered damages to their business in the minimum amount of $175,000 for the failure of the Defendants to remove the negative posting and to allow further postings after being provided notice of the lawsuit and restraining order.

## VI. IREEPARABLE INJURY

27. Plaintiffs incorporate by reference all paragraphs above as if set forth fully herein.

28. The purpose of a temporary restraining order is to protect Plaintiffs from the threatening and harmful actions of Defendants RIPOFF REPORT AND ED MAGEDSON against their persons, property and business known as Ez Exit Now LLC, by their failure to remove the negative postings on the ripoff report as ordered in the Harris County District Court case even though proper notice was provided. (See Federal Rules of Civil Procedure, Rule 65)

29. This petition contains all the essential elements of an application for temporary restraining order required under Texas law and Federal Law.

30. The negative posting in violation of the State Restraining Order is causing irreparable damages to the Plaintiffs and their income. (See Exhibits A- H) The damages incurred will continue to increased until such time as the negative publications are removed. The Defendants have allowed the postings to remain even after being provided copies of the Injunction.

31. This petition and application has not been brought merely for delay, but so that justice may be done. See Lewis v. Investors Sav. Ass'n, 411 S.W. 2d 794, 798 (Civ.App.-Fort Worth 1967, no writ).

**Injunction Exhibits**

32. Plaintiffs incorporate by reference all paragraphs above as if set forth fully herein.

33. Plaintiffs attach and incorporate herein the following exhibits:

    Exhibit A. Affidavit of Dan L. Cobb

Exhibit B.  Affidavit of Kristin Cobb

Exhibit C.  Affidavit of Crystal S. Sulzer

Exhibit D.  Affidavit of Jacqueline Cassity

Exhibit E.  Affidavit of Bill Hicks

Exhibit F.  Affidavit of Dewey L Miller

Exhibit G. Affidavit of John Phelps

Exhibit H.  Affidavit of Sidney Young

Exhibit I.  Injunction Order Cause No. 2017-64469

Exhibit J.  Letters to Ez Exit Now

Exhibit K.  Ripoff Report

**Bond Requirement**

34.   When a court grants a temporary restraining order or temporary injunction, it will require the applicant to execute a bond as security in an amount determined by the court. Federal Rules of Civil Procedure 65(c) and Tex. R. Civ. P. 684.   Since the purpose of a restraining order is not to prevent any actions on behalf of the Defendant, but merely to remove the negative reporting on its website, it would cause no harm to the Defendants to remove the posting during the pendency of this lawsuit. See *Lee v. Howard Broadcasting Corp*., 305 S.W. 2d 629, 636 (Civ. App.-Houston 1957, dis.).

### VII. REMEDIES REQUESTED

35.    Plaintiff respectfully requests that this Honorable Court enter an Order immediately restraining the Defendant RIPOFF REPORT AND ED MAGEDSON and any of their agents, assigns, or beneficiaries, from the following:

(a)  A temporary restraining order be issued without notice to Defendants RIPOFF REPORT AND ED MAGEDSON, restraining the defendants, their agents, servants, and employees, from posting or allowing any posting that is negative as against Ez Exit Now, LLC.

(b)  A temporary restraining order be issued without notice to Defendants RIPOFF REPORT AND ED MAGEDSON, ordering them to removed all posting that is negative as against Ez Exit Now, LLC as published by Michael Hourihan.

(b)  The Defendants RIPOFF REPORT AND ED MAGEDSON be cited to appear and show cause, and that on hearing, a temporary injunction be issued enjoining Defendant RIPOFF REPORT AND ED MAGEDSON, their agents, servants, and employees, from posting or allowing any posting that is negative as against Ez Exit Now, LLC., removing the negative postings that have been made in violation of the restraining order in the Harris County, District Court case, or on other conditions as this Honorable Court deems equitable.

## VIII. APPLICATION FOR TEMPORARY RESTRAINING ORDER

32  For the reasons described above Plaintiffs also requests that the Court set a hearing on a Preliminary Restraining Order at the earliest possible date.

33.  That the Court issue a restraining Order Restraining Defendants RIPOFF REPORT AND ED MAGEDSON from contacting Plaintiffs and posting negative comments, remarks or information on the internet, social media, etc. (See Exhibit "I")

34.  That the Defendants be ordered to remove all posting about Ez Exit Now, LLC as Michael Hourihan was restrained from making such posts and he has continued to post. Further, Defendants have been provided the necessary information, including lawsuit information and restraining order but have continued to allow him to post.   Plaintiffs are requesting that the Defendants be restrained from allowing posts from Michael Hourihan and

to remove all posts as are provided in Exhibit K attached hereto and incorporated herein on Ripoff report websites or any other place any internet domain in which they have control.

## X. ATTORNEY'S FEES

35.     Plaintiff pleads for and is entitled to recover of its reasonable and necessary attorney's fees through settlement, trial, and/or appeal, as a result of Defendant's breach of contract, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 38 and Federal Rules of Civil Procedure Rule 68, as due and proper notice and requests were made prior to filing the lawsuit in order to avoid the necessity of filing a lawsuit.

## XI.  PRAYER

Plaintiff pray that Defendants RIPOFF REPORT AND ED MAGEDSON be cited to appear and answer the allegations contained in this Petition and that Plaintiffs have the following relief:

(a)   A temporary restraining order/injunction be issued without notice to the Defendants RIPOFF REPORT AND ED MAGEDSON, to be restraining the defendant, her agents, servants, and employees, form directly or indirectly entering onto Plaintiffs property and contacting Plaintiffs in any way.

(b)   The Defendant RIPOFF REPORT AND ED MAGEDSON be cited to appear and show cause, and that on hearing, a temporary injunction be issued enjoining defendant, his agents, servants, and employees, from directly or indirectly entering onto Plaintiffs property and contacting Plaintiffs in any way

(c)  Plaintiffs be awarded a judgment against Defendants in the amount of $185,000.00 for damages.

(d)  Plaintiffs be awarded a judgment against Defendants for damages due to libel.

10 | P a g e
*Injunction Ez Exit Now, LLC*

(f) Plaintiffs be awarded a judgment against Defendants for damages due to negligence.

(g) Plaintiffs be awarded damages for all other claims made herein.

(h) Plaintiff be awarded punitive damages.

(i) Plaintiffs recover costs of suit.

(j) Plaintiffs recover their attorney's fees incurred herein.

(k) Plaintiff be awarded other and further relief that is necessary and property in the premises.

                        Respectfully submitted,

                        **COLLEEN M. McCLURE**
                        **ATTORNEY AT LAW**

                        By: /s/*Colleen M. McClure*
                        **COLLEEN M. McCLURE**
                        Texas Bar No. 24012121
                        4201 Cypress Creek Parkway, Suite 565
                        Houston, Texas, 77068
                        Tel. (281) 440-1625
                        Fax. (281) 946-5627
                        colleen.mcclure@att.net
                        **ATTORNEYS FOR PLAINTIFFS**